CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 3 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DEAN HUBBARD, | ) | |
| Petitioner, | ) | Civil Action No. 7:05CV00531 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MARTINSVILLE CIRCUIT COURT, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Christopher Dean Hubbard, a Virginia inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hubbard challenges the validity of his conviction in the Circuit Court for the City of Martinsville. For the following reasons, Hubbard's petition is untimely and must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

On April 8, 2004, Hubbard was convicted of driving a motor vehicle after having been adjudicated an habitual offender. The Circuit Court sentenced Hubbard to a term of imprisonment of eighteen months for this offense. Hubbard did not directly appeal his conviction. However, Hubbard alleges that he filed a petition challenging the conviction in the Circuit Court on August 5, 2005.

Hubbard mailed this petition on August 22, 2005. On August 26, 2005, the court conditionally filed the petition and advised Hubbard that the petition appeared to be untimely. The court directed Hubbard to submit within twenty days any argument and/or evidence

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

concerning the timeliness of his petition. As of this date, the court has not received a response.[2]

## DISCUSSION

A one-year period of limitation applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See § 2244(d)(1)(A).[3] In this case, Hubbard was convicted and sentenced on April 8, 2004. Because Hubbard did not appeal his conviction, it became final on May 10, 2004, the date on which his time to appeal expired.[4] Therefore, Hubbard had until May 10, 2005 to file a habeas petition under § 2254. Because Hubbard filed this petition more than three months after the one-year period of limitation expired, and since Hubbard has not

---

[2] The court finds that Hubbard did receive the conditional filing order. In addition to requesting information pertaining to the timeliness of the petition, the order directed Hubbard to return an enclosed consent form. The court received the consent form on September 6, 2005.

[3] Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."
Here, the petitioner has not alleged anything to support the court's reliance on subsections (B), (C), or (D). Therefore, the court concludes that the one-year period of limitation began to run on the date the petitioner's conviction became final.

[4] Pursuant to Rule 5:9(a) of the Rules of the Supreme Court of Virginia, Hubbard had thirty days to file a notice of appeal. The thirty-day period expired on May 8, 2004. However, because May 8, 2004 was a Saturday, Hubbard had until the following Monday, May 10, 2004, to file a notice of appeal. See Va. Code § 1-13.3:1 (repealed effective October 1, 2005) ("When the last day fixed by statute, or by rule of the Supreme Court of Virginia ... for any paper to be served, delivered or filed ... falls on a Saturday, Sunday, legal holiday, or any day on which the clerk's office is closed ... the paper may be served, delivered or filed ... on the next day that is not a Saturday, Sunday or legal holiday, or day on which the clerk's office is closed as authorized by statute."); Va. Code § 1-210 (effective October 1, 2005) (same).

2

demonstrated any grounds for tolling the one-year period, Hubbard's petition is untimely.[5]

Accordingly, the petition must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 23rd day of September, 2005.

_____
United States District Judge

---

[5] Hubbard alleges that he filed a petition challenging his conviction in the Circuit Court on August 5, 2005. Although the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending, 28 U.S.C. § 2244(d)(2), the one-year period of limitation had already expired by the time Hubbard allegedly filed the state petition.

3