CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

OCT 24 2005

JOHN F. CORCORAN, CLERK
BY:
　　DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER DEAN HUBBARD, ) | |
|    Petitioner, ) | Civil Action No. 7:05CV00531 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MARTINSVILLE CIRCUIT COURT, ) | By: Hon. Glen E. Conrad |
|    Respondent. ) | United States District Judge |

    Christopher Dean Hubbard, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus under 28 U.S.C. § 2254. By opinion and order entered September 23, 2005, the court dismissed Hubbard's petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.* The court concluded that Hubbard's petition was untimely. Hubbard has now written the court a letter, in which he appears to argue that his attorney failed to appeal his conviction in the Circuit Court for the City of Martinsville. The court will construe Hubbard's letter as a motion for reconsideration. For the following reasons, Hubbard's motion is denied.

    As explained in the court's previous opinion, Hubbard failed to file this petition within the one-year period provided by 28 U.S.C. § 2244(d)(1). Therefore, Hubbard's petition is time-barred unless he demonstrates some ground for equitable tolling. The United States Court of Appeals for the Fourth Circuit has explained that equitable tolling is only appropriate when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003). Hubbard appears to argue in his present motion that he is entitled to equitable tolling,

---

    * Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

because his attorney failed to appeal his conviction. However, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling." Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003). See also Rouse, 339 F.3d at 246 (holding that the errors of Rouse's former attorney did not constitute extraordinary circumstances); Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."). For these reasons, the court concludes that Hubbard is not entitled to equitable tolling, and that his motion for reconsideration must be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 24th day of October, 2005.

_____
United States District Judge